David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Hope Boddy*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HOPE BODDY, | Civil Action No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| CHEX SYSTEMS, INC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Hope Boddy ("Plaintiff"), by Plaintiff's attorneys, brings this action against CHEX SYSTEMS, INC ("Chex" or "Defendant") for violations of the FCRA, as set forth below.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

## PARTIES

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Chex regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports.  Chex is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Minnesota.

8. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

### Chex Failed to Respond to Plaintiff's Written Dispute

9. In a Chex credit report dated November 10, 2020, Chex reported inaccurate information regarding Plaintiff's.  Particularly, Chex reported a number of incorrect addresses and phone numbers associated with Plaintiff.

10. On or about February 5, 2021, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Chex's reported information regarding misreported trade lines by notifying Chex, in writing, of the incorrect and inaccurate information reported by Chex.

11. Specifically, Plaintiff mailed a written dispute, first class mail, to Chex ("Dispute Letter"), requesting disputed inaccurate and incorrect information be removed, corrected, or deleted.

12. Chex was required to conduct an investigation into the disputed information pursuant to 15 U.S.C. § 1681i.

13. Chex thereafter failed to comply with its obligation to provide Plaintiff with the results of any "reinvestigation" completed pursuant to 15 U.S.C. § 1681i(a)(6) relating to the Dispute Letter.  While Chex sent Plaintiff a

reinvestigation, it failed to remove all the disputed addresses and telephone numbers or provide any information into how it validated them.

14. As a result of Chex's failure to provide a consumer disclosure, Chex negligently failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a)(6).

15. Further, Chex willfully failed in its duties as required by and in violation of 15 U.S.C. § 1681i(a) when Chex failed to provide written notice to Plaintiff of the results of a reinvestigation not later than 5 business days after the completion of the reinvestigation (assuming an investigation was completed), by mail or, if authorized by the consumer for that purpose, by other means available to the agency. Indeed, Chex failed to provide Plaintiff any evidence of any investigation it conducted into the address and phone number disputes raised in the Dispute Letter, thereby shirking Chex's duties under the FCRA.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

16. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

17. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a).

18. Defendant failed to review all relevant information provided by Plaintiff in the dispute to Defendant, as required by and in violation of 15 U.S.C. § 1681i(a).

19. Upon receipt of Plaintiff's dispute, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

20. Despite Plaintiff's efforts to correct Defendant's erroneous reporting in writing, Defendant neglected, refused, or failed to do so.

21. Defendant's failure to provide a comprehensive investigation into Plaintiff's dispute was willful. Plaintiff is, accordingly, eligible for statutory damages.

22. Also as a result of Defendant's continued inaccurate reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to her creditworthiness, and emotional distress.

23. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

24. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

25. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

26. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 21, 2021

                                      Respectfully submitted,

                                      By    /s/ David Krieger, Esq.
                                                    David Krieger, Esq.
                                                    Nevada Bar No. 9086
                                                    Shawn Miller, Esq.
                                                    Nevada Bar No. 7825
                                                    KRIEGER LAW GROUP, LLC
                                                    2850 W. Horizon Ridge Parkway
                                                    Suite 200
                                                    Henderson, Nevada 89052
                                                    Phone: (702) 848-3855
                                                    Email: dkrieger@kriegerlawgroup.com
                                                    Email: smiller@kriegerlawgroup.com